IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Jaszmann Espinosa &Stephanie Alverio ) on behalf of themselves and all others ) similarly situated, ) ) | CASE NO. |
| Plaintiffs, ) ) | |
| v. ) ) | JURY TRIAL DEMANDED |
| Rick's Cabaret International, Inc. & ) and Mr. Eric Langdon, ) ) | |
| Defendants.                                          ) | |

## COMPLAINT FOR VIOLATING THE FAIR LABOR STANDARDS ACT

**COME NOW** Jaszmann Espinosa & Stephanie Alverio (hereinafter "Plaintiffs"), on behalf of themselves and all others similarly situated, and bring this collective action against Rick's Cabaret International, Inc. and Mr. Eric Langdon (hereinafter "Defendants") respectfully showing the Court as follows:

## INTRODUCTION

1.

Defendants jointly own and operate approximately twenty three (23) strip clubs across the country operating under various names such as "Tootsies Cabaret" and "Club Onyx" that failed to pay Plaintiffs and all others similarly situated the minimum wage and substantial overtime for

hours worked.  Indeed not only did they fail to pay a single penny in wages, they tricked the Plaintiffs and all others similarly situated into paying *them* for the privilege of working.  Defendant's failure to pay the minimum wage and overtime wages to Plaintiffs  and all others similarly situated violated 29 U.S.C. §§ 206 and 207 of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*. ("FLSA") because the Plaintiffs and all other similarly situated employees do not satisfy the requirements of any applicable exemption under the FLSA.

2.

There are numerous similarly situated current and former employees of Defendants who were compensated improperly in violation of the MIAMMIAM and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.  Upon information and belief there are more than 300 potential Plaintiffs.  More precise information on class size will be obtained during discovery.

3.

Former and current similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendant's records.

4.

Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

5.

As a result of Defendants violation of the FLSA, Plaintiffs and all others similarly situated seek restitution of all fees, fines and other charges Plaintiffs were required to pay,   minimum and overtime wages, liquidated damages, interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216 for the period commencing three (3) years prior to the filing of this Complaint.

**PARTIES AND SERVICE**

6.

Plaintiff Jaszmann Espinosa is a  former employee of Defendants in Miami, Florida at the club commonly known as "Tootsies Cabaret" located at 150 NW 183rd St, Miami, FL 33169.  Plaintiff was employed there from approximately October 30, 2010 through February 2012.  Plaintiff  resides in the Southern District of New York.

7.

Plaintiff Stephanie Alverio is former employee of Defendants in Philadelphia, Pennsylvania at the club commonly known as "Club Onyx" located at 2908 S Christopher Columbus Blvd, Philadelphia, PA 19148. Plaintiff was employed there from approximately July, 2010 through September 2012. Plaintiff is a resident within the Eastern District of Pennsylvania.

8.

Defendant Rick's Cabaret International, Inc. is a Texas for profit Corporation with its principal place of business located at 10959 Cutten Road Houston, Texas 77066. Defendant Rick's Cabaret International, Inc. own and operates twenty three (23) strip clubs across the country including Tootsies Cabaret and Club Onyx, all of which, upon information and belief, operate pursuant to the same unlawful practices described herein. Defendant Rick's Cabaret International, Inc. may be served with a copy of the summons and complaint by leaving a copy with its registered agent for service Mr. Ed Anakar located at 150 N.W. 183 Street, Miami Gardens, Florida 33169

9.

Defendant Eric Langdon is a natural person that jointly owns and operates twenty three (23) strip clubs across the country including Tootsies Cabaret and Club Onyx.  On information and belied Defendant Langdon directs the day to day operations and procedures at all the strip clubs. Defendant Langdon is the CEO of co-Defendant Rick's Cabaret International, Inc.  Defendant Langdon may be served with a copy of the summons and complaint at 10959 Cutten Road Houston, Texas  77066.

**JURISDICTION AND VENUE**

10.

This Court has subject matter jurisdiction over federal questions raised under the FLSA pursuant to 28 U.S.C.S. §§ 1331 and 1337.

11.

Venue is proper in the Southern District of Florida, under 28 U.S.C. §1391(b), since Defendant is a citizen in this judicial district.  In addition, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district at the address commonly known as 150 NW 183rd St, Miami, FL 33169 located within the Southern District of Florida.

## FACTUAL ALLEGATIONS

### 12.

Plaintiffs, on behalf of themselves and other similarly situated current and former employees, bring this Collective Action against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA") for failure to pay minimum wage and overtime compensation.

### 13.

At all times for the three years prior to the filing of the Complaint in this matter, Defendants have employed female entertainers at its nightclubs located throughout the United States.

### 14.

At all times for the three years prior to the filing of the instant complaint, Defendants have categorized all entertainers working at the nightclubs they own as "independent contractors" or as "employees" but failed to pay any wages.

### 15.

At all times for the three years prior to the filing of the instant complaint, Defendants have not required entertainers to have any specialized training or background.  Defendants have, however,  established specific work schedules and rules for entertainers.

16.

Defendants have required entertainers to dance at specified times and in a specified manner on stage and for customers.

17.

Defendants have regulated entertainers' attire and interactions with customers.

18.

Defendants have set the price entertainers were allowed to charge for dances.

19.

Defendants have required entertainers to attend meetings at Defendants' business.

20.

Defendants have financed all advertising and marketing efforts undertaken on behalf of the club.

21.

Defendants have made capital investments in the facilities, maintenance, sound system, lights, food, beverage and inventory.

22.

Defendants have required and made all hiring decisions regarding

wait staff, security, entertainer, managerial and all other employees at the night clubs.

23.

Defendants have established a variety of uniform written guidelines and policies which govern entertainers conduct at all the night clubs nationwide.

24.

At all times for the three years prior to the filing of the instant complaint, Defendants have required entertainers, including Named Plaintiffs and all others similarly situated, to pay a specific amount, often referred to as a "tip out" or a "bar fee" in order to work on any given shift.

25.

The specific amount entertainers, including Named Plaintiffs, were required to pay has varied over the last three years, but a single schedule has been in place for all entertainers at any given time.

26.

The required bar fee or tip out the Named Plaintiffs has paid generally has been at least $60 per shift.

27.

If entertainers are late for work, fail to appear for a scheduled shift, or are deemed to have violated any of the club's rules, they are charged additional fees or fines.

28.

Named Plaintiffs have been subject to a variety of these fees and fines, all of which they are entitled to recover in this action.

29.

The fees described in ¶¶ 24-28 constitute unlawful "kickbacks" to the employer within the meaning of the Fair Labor Standards Act. Under the FLSA, Plaintiffs are entitled to restitution of all such monies paid.

30.

Named Plaintiffs worked over forty hours in some weeks each worked for Defendants.

31.

Named Plaintiffs and all others similarly situated were also required to attend mandatory meetings at Defendants' place of business, but were not paid for their attendance at those meetings.

32.

Defendants have never paid Plaintiffs and all others similarly situated any amount as wages whatsoever.

33.

Instead, Plaintiffs and all other similarly situated only source of work related income were gratuities they receive from customers.

34.

Because Defendants did not pay Plaintiffs and all other similarly situated any wages whatsoever, Defendants did not pay Plaintiffs and all other similarly situated one-and-a-half times their regular rate of pay when Plaintiffs and others similarly situated worked over forty hours in a given workweek.

35.

Defendants knew, or showed reckless disregard for the fact that they misclassified these individuals as independent contractors, and accordingly failed to pay these individuals the minimum wage and failed to pay overtime at the required rate under the FLSA.

36.

Plaintiffs and all others similarly situated were not subject to any exemption under the FLSA.

37.

On information and belief Defendants failed to maintain records of the number of hours worked by Plaintiffs and all others similarly situated

## COUNT I
## DECLARATORY JUDGMENT

38.

Plaintiffs repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference as though set forth herein in full.

39.

This claim is an action for Declaratory Judgment brought pursuant to the provisions of 28 U.S.C. § 2201 et seq.

40.

An actual controversy exists between the parties in this case in regard to the employment status of the Plaintiffs and all others similarly situated.

41.

Plaintiffs and all others similarly situated seek declaratory relief with respect to the legal relations of the parties arising from this controversy and their respective rights and responsibilities under the FLSA, to wit, whether

Plaintiffs and all others similarly situated are or were the employees of Defendants.

## COUNT II
## OVERTIME CLAIMS (Violation of 29 U.S.C. § 207)

42.

Plaintiffs repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference as though set forth herein in full.

43.

Defendants are or were the "employer" and employ(ed) Plaintiffs and the Collective Action Members as "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d).

44.

Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce."

45.

Defendants are an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because they have employees engaged in commerce, and because their annual gross volume of sales made is more than $500,000.

46.

Plaintiffs consent to sue in this action pursuant to 29 U.S.C. § 216(b). Individual Consent to sue forms executed by each Plaintiff submitted herewith.

47.

Defendants misclassified Plaintiffs and all others similarly situated as an independent contractors.

48.

Defendants failed to pay Plaintiffs and all others similarly situated wages at a rate of one and one-half (1 ½) times her regular rate, for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207.

49.

Defendants knowingly, intentionally and willfully violated the FLSA.

50.

Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

51.

Due to Defendants' FLSA violations, Plaintiff and all others similarly situated are entitled to recover from Defendant, unpaid overtime compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT III
## MINIMUM WAGE CLAIM (Claims for Violation of 29 U.S.C. § 206)

52.

Plaintiffs repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference as though set forth herein in full.

53.

Defendants are or were the "employer" and employs or employed Plaintiffs and all others similarly situated as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(d).

54.

Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce."

55.

Defendants operate an enterprise engaged in commerce within the

meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than $500,000.

### 56.

Plaintiffs consent to sue in this action pursuant to 29 U.S.C. § 216(b).

### 57.

A consent to sue executed by each Plaintiff is submitted herewith.

### 58.

Defendants misclassified Plaintiffs and all others similarly situated as an independent contractor.

### 59.

Defendants failed to pay Plaintiffs and all others similarly situated the minimum wage in violation of 29 U.S.C. § 206.

### 60.

Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiffs and all others similarly situated the minimum wage under the FLSA

### 61.

Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and

based on reasonable grounds for believing that their conduct did not violate the FLSA.

62.

Due to Defendants' FLSA violations, Plaintiffs and all others similarly situated are entitled to recover from Defendants all fees fines and other payments made by the Plaintiffs to the Defendants,  minimum wage compensation of $7.25 per hour,  and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

**<u>DEMAND FOR JURY TRIAL</u>**

63.

Plaintiffs, on behalf of themselves and all others similarly situated individuals, demand a trial by jury on all their claims so triable.

**WHEREFORE**, Plaintiff respectfully prays that this Court grant relief as follows:

    a.    As to Count I issue a declaratory judgment that (i) Plaintiffs and all others similarly situated are or were the employees and

Defendants are or were their joint employer and (ii) the practices complained of herein are unlawful under the FLSA;

b.    As to Count II award Plaintiffs and all others similarly situated judgment for lost overtime compensation calculated at one and one-half times the regular rate that Plaintiffs would have received but for Defendants unlawful conduct, as well as liquidated damages, interest and attorneys' fees as provided for under the FLSA;

c.    As to Count III award Plaintiffs and all others similarly situated judgment for wages at the minimum rate, as well restitution of all fees, fines, and charges paid to the Defendants by the Plaintiffs, liquidated damages, interest and attorneys' fees as provided for under the FLSA;

d.    Award Plaintiffs and all others similarly situated costs of this action, including expert fees;

e.    Grant Plaintiffs and all others similarly situated a jury trial on all issues so triable;

f.      Grant leave to add additional plaintiffs by motion, the filing of

written consent forms, or any other method approved by the

Court; and


g.      Award Plaintiffs and all others similarly situated such other and

further relief as the Court may deem just and proper.

This 19th day of December, 2013.

/s/ Dana M. Gallup
Dana M. Gallup
Florida Bar No. 0949329
Law Offices of Dana M. Gallup
400 Hollywood Boulevard
Presidential Circle
Suite 265 South
Hollywood Fla., 33021
954-894-3035
954-894-8015 (fax)
dgallup@gallup-law.com

/s/ Harlan S. Miller
Harlan S. Miller, III, Esq.
Georgia Bar No. 560709
Of Counsel
Parks, Chesin & Walbert, P.C.
75 14th Street, 26th Floor
Atlanta, Georgia 30309
(404) 873-8000
(404) 873-8050 (fax)
hmiller@pcwlawfirm.com
***Admission Pro Hac Vice
Pending***